## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Sean Sullivan, a Special Agent with the U.S. Department of State, Diplomatic Security Service, being duly sworn, depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of a criminal complaint charging Arlene Sands with false use of a passport, in violation of 18 U.S.C. § 1543, and aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1) and 1028(b).

2. I have been employed by the U.S. Department of State, Diplomatic Security Service ("DSS") as a Special Agent since 2016. I am currently assigned to the Portsmouth Resident Office in Portsmouth, New Hampshire, and have been since September of 2022. During my time as a special agent, I have participated in investigations of passport fraud, visa fraud, money laundering, conspiracy, wire fraud, identity theft and fraudulent document investigations. I have attended and successfully completed the Criminal Investigator Training Program at the Federal Law Enforcement Training Center, and the Basic Special Agent Course at the Diplomatic Security Training Center.

3. The information in this affidavit is based upon my own knowledge, records furnished to me in my official capacity, and information provided by other law enforcement officials, as well as information gained through my training and experience. This affidavit is intended to provide the facts necessary for a determination of probable cause for the requested arrest warrant and complaint.

4. Based on my training and experience and the facts as set forth in this affidavit, I submit that probable cause exists to believe that Arlene Sands ("Sands") willfully and

knowingly used and attempted to use a false, forged, counterfeited, or altered passport or instrument purporting to be a passport in violation of 18 U.S.C. § 1543. I submit there is also probable cause to believe Sands knowingly possessed and used, without lawful authority, a means of identification of Victim 3 during and in relation to the commission of bank fraud—a felony violation enumerated in 18 U.S.C. § 1028A(c)—knowing that the means of identification belonged to another actual person, in violation of 18 U.S.C. §§ 1028A(a)(1) and 1028A(b).

## PROBABLE CAUSE

5.     On February 23, 2023, Officer Justin Fritz with the Portland Police Department responded to the Five County Credit Union ("FCCU") branch on Commercial Street in Portland in investigate the possible misuse of a United States passport card. At the FCCU, the bank manager provided Officer Fritz with an instrument purporting to be a United States passport card in the name of Victim 3. Officer Fritz later provided the card to DSS.

6.     Based on information the manager provided to Officer Fritz and/or to me, I understand that an older woman—later identified as Sands[1]—attempted to fraudulently withdraw $17,000 from an account at the FCCU. Sands presented the purported passport card bearing Victim 3's name to access the account belonging to Victim 3 and Victim 4. FCCU staff became suspicious for several reasons, including Sands' appearance and the fact that Sands could not answer—or could not immediately answer— certain questions. For example, Sands provided the correct phone number only after looking it up. Sands and her photograph on the purported passport card also

---

[1]     For clarity, I refer to the woman as Sands for the remainder of this affidavit.

**Affidavit in Support of Criminal Complaint—Page 2**

did not appear to match the photograph of Victim 3 that the FCCU had on file. The bank manager called Victim 4 and inquired if Victim 3 was attempting to withdraw money from their account at FCCU's Portland branch. Victim 4 reported that he was with Victim 3 and Victim 3 was not at the bank. At that time, Sands left the FCCU.

7.     Still images from FCCU video footage below show Sands attempting to withdraw funds from Victim 3's account.[2]





---

[2]     Due to the passage of time, the video footage itself is no longer available.

**Affidavit in Support of Criminal Complaint—Page 3**

8.  I know Victim 3 to be a real person. In addition to information provided by the FCCU, I understand Officer Fritz spoke with Victim 3 in the course of his investigation.

9.  The passport card Sands presented bore Victim 3's given name and surname and date of birth, but the picture on the card was a likeness of Sands. The instrument also bore "Passport Card no. C29379403." Copies of the instrument are included below with Victim 3's name and date of birth redacted.





**Affidavit in Support of Criminal Complaint—Page 4**

10.     I queried the Consular Consolidated Database ("CCD"), the Department of State's repository for passport and visa records, and determined that C29379503 was issued in August 2022 on a U.S. passport card bearing the name of someone other than Victim 3. There is no record of a passport card with number C29379503 being issued bearing Victim 3's name and date of birth or bearing the likeness of Sands.

11.     According to 22 CFR § 51.3(e)—which bears the heading "Types of passports"—a passport card is issued to a national of the United States on the same basis as a regular passport, and is valid for departure from, and entry to, the United States through land and sea ports of entry between the United States and Mexico, Canada, the Caribbean and Bermuda.

12.     I submit there is probable cause to believe Sands knew that the means of identification—that is, the instrument purporting to be a passport card in the name of Victim 3 and bearing Victim 3's date of birth—belonged to another actual person because Sands used the instrument (bearing her own likeness) to attempt to make a substantial withdrawal from an actual person's bank account. She was able to provide the correct phone number to the FCCU manager after looking it up.

13.     <u>Identifying Sands</u>: In my investigation, Sands was initially identified as the woman who committed the above-described conduct using facial-recognition technology through comparison to a state's motor vehicle records.

14.     Through further investigation, I determined that Sands was arrested on about March 24, 2023, in Woodbury, New York following a traffic stop of the vehicle in which she and three others were traveling. Based on my review of a report from that incident and contact with law enforcement in New York, I am aware that the New York State Police conducted an impound and inventory search of the vehicle and located numerous

glass smoking implements containing cocaine residue, several United States passport cards bearing various identities, several Bank of America credit cards bearing various identities, and several Capital One cards bearing various identities. The left-rear passenger identified herself to law enforcement as Arlene Sands and was found to possess crack cocaine in her fanny pack.

15. The DSS New York Field Office provided me with a criminal history report which contains a photograph of Arlene Sands from the time of her March 24, 2023, arrest in New York. I have compared that photograph to the still images from the Portland FCCU and the image on the purported passport card presented to the Portland FCCU staff, and I have determined that Sands was in fact the women who engaged in the conduct at the Portland FCCU as described above.

## CONCLUSION

16. Based on my training and experience and the facts as set forth in this affidavit, I submit that probable cause exists to believe that Sands willfully and knowingly used and attempted to use a false, forged, counterfeited, or altered passport or instrument purporting to be a passport in the name of Victim 3 in violation of 18 U.S.C. § 1543. I submit there is also probable cause to believe Sands knowingly possessed and used, without lawful authority, a means of identification of Victim 3 during and in relation to the commission of bank fraud—a felony violation enumerated in 18 U.S.C. § 1028A(c)—knowing that the means of identification belonged to another actual person, in violation of 18 U.S.C. §§ 1028A(a)(1) and 1028A(b).

I, Sean Sullivan, hereby swear under oath that the information set forth in this affidavit is true and correct to the best of my knowledge, information, and belief, and that I make this oath under the pains and penalties of perjury.

Dated at Portland, Maine this 29th day of April 2024.

_____
Sean Sullivan, Special Agent
U.S. Department of State
Diplomatic Security Service

Sworn to telephonically and signed electronically in accordance with the requirements of Rule 4.1 of the Federal Rules of Criminal Procedures

Date: Apr 29 2024

City and state: Portland, Maine

_____
Judge's signature

Karen Frink Wolf, U.S. Magistrate Judge
Printed name and title

Affidavit in Support of Criminal Complaint—Page 7